UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22815-CIV-SEITZ/O'SULLIVAN

MONTPELLIER FARM, LTD,

     Plaintiff,

v.

CRANE ENVIRONMENTAL, INC.,

     Defendant.

_____/

**<u>ORDER</u>**[1]

THIS MATTER comes before the Court on the Plaintiff's Motion to Strike, Or,

Alternatively, to Approve Settlement Agreement and Adjudicate Charging Lien (DE# 39,

10/30/08). Having reviewed the applicable filings and the law and having held a hearing

on December 10, 2008, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion to Strike, Or,

Alternatively, to Approve Settlement Agreement and Adjudicate Charging Lien (DE# 39,

10/30/08) is **GRANTED** for the reasons set forth below. The Notice of Charging Lien

(DE# 30, 7/1/08) is hereby **STRICKEN**.

---

[1] On November 7, 2008, the parties filed their Consent to Proceed Before United
States Magistrate Judge Related to the Joint Stipulation for Entry of Order Approving
Settlement Agreement and Relieving Defendant of Any Liability Related to the Cooper
Brown Charging Lien (DE# 43, 11/7/08). This matter was referred to the undersigned on
November 10, 2008. <u>See</u> Order of Referral on Consent to Magistrate Jurisdiction (DE#
45, 11/10/08). At the December 10, 2009 hearing, the plaintiff, Richard B. Cooper and
Cooper, Brown & Behrle, P.C. confirmed their consent to magistrate judge jurisdiction
for the final disposition of this issue. <u>See</u> December 10, 2009 Hearing Transcript (DE#
62 at 29 - 30, 1/16/09).

## BACKGROUND

On June 30, 2008, nonparty Richard B. Cooper of Cooper, Brown & Behrle, P.C. filed a Notice of Charging Lien (DE# 30, 7/1/08) in the amount of $108,150 for legal services rendered to the plaintiff, Montpellier Farm, Ltd (hereinafter "plaintiff"), which relate to the instant action. On October 30, 2008, the plaintiff filed the instant motion seeking to strike the charging lien. See Plaintiff's Motion to Strike, Or, Alternatively, to Approve Settlement Agreement [2] and Adjudicate Charging Lien (DE# 39, 10/30/08). On November 21, 2008, Richard B. Cooper and Cooper, Brown & Behrle, P.C. (hereinafter "claimants") filed the Memorandum of the Cooper Brown Firm in Opposition to Plaintiff's Motion to Strike its Charging Lien (DE# 51, 11/21/08). The claimants also filed the Declaration of Richard B. Cooper in Opposition to Plaintiff's Motion to Strike the Charging Lien (DE# 52, 11/21/08). The plaintiff filed its reply on December 1, 2008. See Plaintiff's Reply to Memorandum of Cooper Brown Firm in Opposition to Plaintiff's Motion to Strike Charging Lien (DE# 56, 12/1/08). On December 10, 2008, the Court held a hearing on the instant motion.

## STANDARD OF REVIEW

Florida law governs in the instant matter. "Federal courts, although they recognize no common-law lien in favor of attorneys, give effect to the laws of the states in which they are held." Gottlieb v. GC Fin. Corp., 97 F. Supp. 2d 1310, 1311 (S.D. Fla.

---

[2] The Court has previously ruled on part of the relief sought in the plaintiff's motion. On November 13, 2008, the plaintiff and the defendant filed a Joint Stipulation for Dismissal with Prejudice (DE# 48, 11/13/08). On November 14, 2008, the Court entered an Order dismissing the case with prejudice and retaining jurisdiction to enforce the Court's Amended Order (DE# 47, 11/10/08) relating to the charging lien. See Order (DE# 49, 11/14/08).

1999). "[A] charging lien is an equitable right to have costs and fees due [to] an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. It serves to protect the rights of the attorney." Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, PA. v. Baucom, 428 So. 2d 1383, 1384 (Fla. 1983) (emphasis added).

In Florida, the requirements for a charging lien are not set out by statute and are instead governed by Florida case law. Daniel Mones, PA. v. Smith, Inc., 486 So. 2d 559, 561 (Fla. 1986). Attorneys wishing to impose such a lien on the fruits of his or her industry must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees, either dependent upon or out of recovery; (3) either avoidance of payment or a dispute as to the amount of fees; and (4) timely notice. See Daniel Mones, P.A. v. Smith, 486 So. 2d 559, 561 (Fla.1986) (citing Sinclair, 428 So. 2d at 1385). A charging lien cannot be pursued if it is not perfected. All that is required to entitle the attorney to perfect a charging lien is for the attorney to file a notice of charging lien or otherwise pursue the lien in the original action prior to its termination. Citizens & Peoples Nat'l Bank of Pensacola v. Futch, 650 So. 2d 1008, 1015 (Fla. 1st DCA 1994), review denied, 660 So. 2d 712 (Fla. 1995).

## ANALYSIS

The plaintiff seeks to strike the claimants' charging lien. See Plaintiff's Motion to Strike, Or, Alternatively, to Approve Settlement Agreement and Adjudicate Charging Lien (DE# 39, 10/30/08). The plaintiff argues that the Court does not have jurisdiction to adjudicate the charging lien. Id. at 7. The plaintiff further argues that the claimants have no right to a charging lien because they were not counsel of record and rendered no

legal services in the instant case. Id. at 3. "When the dispute between the Plaintiff and Defendant first arose, the Plaintiff engaged the Cooper Brown firm to provide it with legal advise. The representation by the Cooper Brown firm did not entail any litigation and the Cooper Brown firm did not appear as counsel for the Plaintiff in this or any other legal proceeding." Id. at 2.

The claimants counter that this Court has jurisdiction over the matter based on diversity grounds because the amount in controversy requirement is satisfied and the claimants are citizens of the State of New York and the plaintiff is a citizen or subject of Antigua and Barbuda. See Memorandum of the Cooper Brown Firm in Opposition to Plaintiff's Motion to Strike its Charging Lien (DE# 51 at 2, 11/21/08). The claimants further argue that even if the Court lacks diversity jurisdiction, "ancillary jurisdiction would probably exist . . . ." Id.  With respect to the charging lien, the claimants argue that they have met the requirements of an enforceable charging lien and that their services contributed to the settlement of the instant action.

**1.     Jurisdiction**

At the outset, the plaintiff challenges the Court's jurisdiction to adjudicate the claimants' charging lien. Federal courts are courts of limited jurisdiction and the presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005) (citation omitted).

The undersigned finds that the Court has jurisdiction over the charging lien based on diversity of citizenship. Here, the amount in controversy is in excess of the statutory requirement of $75,000 and the claimants are citizens of the State of New

4

York, the plaintiff is a citizen of Antigua and Barbuda and the plaintiff's law firm is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida.[3]

The plaintiff argues, without citing authority, that diversity of citizenship is inapplicable here because the claimants charging lien arises from the original action and is not an independent claim. See Plaintiff's Reply to Memorandum of Cooper Brown Firm in Opposition to Plaintiff's Motion to Strike Charging Lien (DE# 56 at 2, 12/1/08). The Court disagrees with the plaintiff that diversity is not a basis for jurisdiction in the instant case. See Hogben v. Wyndham Int.'l, Inc., No. 05-20944-Civ, 2007 WL 2225970, * 4 (S.D. Fla. Aug. 1, 2007) (noting that the court lacked diversity jurisdiction because the charging lien attorney, the attorney of record and the plaintiff were all residents of the state of Florida). Nonetheless, assuming that diversity jurisdiction is inapplicable, as claimed by the plaintiff, the Court has supplemental jurisdiction over this matter.

"Supplemental jurisdiction permits a court [to] hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently." Ghazal v. RJM Acquisitions

---

[3] The Court does not take into account the defendant's citizenship because the defendant was dismissed from this action with prejudice (DE# 49) and has no stake in the outcome of the charging lien dispute. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute'" City of Indianapolis v. Chase National Bank, 314 U.S. 63, 70 (1941) (citing Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 180 (1905)).

Funding, LLC, No. 06-22699-Civ, 2008 WL 2439508, * 2 (S.D. Fla. Jun. 16, 2008).

Supplemental jurisdiction[4] is codified in 28 U.S.C. § 1367. Section 1367 states in part

as follows:  ". . . in any civil action of which the district courts have original jurisdiction,

the district courts shall have supplemental jurisdiction over all other claims that are so

related to claims in the action within such original jurisdiction that they form part of the

same case or controversy . . . ."  28 U.S.C. § 1367 (a) (emphasis added). It is clear that

if the plaintiff's counsel of record were to file a charging lien for work performed in the

instant case, the Court would have supplemental jurisdiction to rule on the matter:

> One well recognized application of this narrow doctrine [of supplemental
> jurisdiction] is the resolution of disputes between a party to a federal
> lawsuit and that party's attorneys over the proper amount of fees due the
> attorneys for work performed in the lawsuit. See, e.g., Gottlieb v. GC
> Financial Corp., 97 F. Supp. 2d 1310 (S.D. Fla.1999) and Zaklama v.
> Mount Sinai Medical Center, 906 F.2d 650 (11th Cir.1990) (both
> adjudicating post-judgment attorneys' fees disputes under Florida law
> charging liens); . . .  Garrick v. Weaver, 888 F.2d 687, 690 (10th Cir.1989)
> (quoting Jenkins, 670 F.2d at 918: "It is well established that '[d]etermining
> the legal fees a party to a lawsuit properly before the court owes its
> attorney, with respect to the work done in the suit being litigated, easily fits
> the concept of ancillary jurisdiction.' "); Foster, 771 F. Supp. at 1120
> ("Courts have exercised ancillary jurisdiction over disputes between
> attorneys and clients over the proper amount of attorneys' fees due to the
> attorneys for work performed in the underlying litigation.").

Hogben v. Wyndham Int.'l, Inc., No. 05-20944-Civ, 2007 WL 2225970, * 4 (S.D. Fla.

Aug. 1, 2007).  Here, the claimants did not make an appearance in the instant case but

seek to recover for legal services performed prior to the litigation. Thus, the issue

before this Court is whether the Court has supplemental jurisdiction over a charging lien

---

[4] The 1990 amendments to section 1367 combined the two concepts of pendent and ancillary jurisdiction into supplemental jurisdiction. Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1353 n. 4 (11th Cir. 1997).

for work performed on the matter prior to the commencement of litigation by an attorney who was not counsel of record.

The plaintiff relies on Hogben v. Wyndham Int.'l, Inc., No. 05-20944-Civ, 2007 WL 2225970 (S.D. Fla. Aug. 1, 2007) in support of its argument that the Court lacks jurisdiction. In Hogben, the plaintiff's counsel Peter Capua (hereinafter "Capua") filed a notice of charging lien. Mr. Capua was not counsel of record in the case but represented the plaintiff in seven related state court cases and a separate federal court action.[5] Id. at * 1.  The plaintiff, through counsel of record, moved to strike the charging lien. "[Mr.] Capua argue[d] that, to protect his rightful interest to the fees he generated through his work on the related actions, a charging lien in this action should be adjudicated because his work on those related actions contributed to the ultimate recovery in this case." Id. at * 3. The plaintiff's counsel of record, William Jones, argued that "any work performed in the related actions was not useful in the prosecution or resolution of this action, thus even if [Mr.] Capua had a right to pursue his fee dispute in this litigation he would ultimately not be entiteld to any portion of the fee generated from this settlement." Id. Mr. Jones further "argue[d] that under Florida charging lien principles an attorney [could not] recover on a charging lien in this case for work done in other cases." Id. The Court found that "[Mr.] Capua's attempt to enforce a charging lien . . . was beyond the jurisdiction of the Court and beyond the power of a charging lien

---

[5] "[Mr. Capua] admittedly was retained by Plaintiff under a contract that recognized that [the] litigation [in question] was already pending under the control of another lawyer . . . . [Mr.]  Capua's claim to the recovery of his fees from th[e] . . . litigation [in question] [was] a by-product of his work on other cases, only one of which was even in federal court." Hogben v. Wyndham Int.'l, Inc., No. 05-20944-Civ, 2007 WL 2225970, *5 (S.D. Fla. Aug. 1, 2007) (emphasis in original).

7

action under state law." Id. at *1.

The undersigned finds that Hogben is distinguishable from the instant case. In Hogben, counsel sought to impose a charging lien for legal services he provided to the plaintiff in separate state and federal actions. Here, the claimants provided legal services to the plaintiff concerning the same dispute that resulted in litigation in the instant case. In fact, the claimants prepared the first draft of the complaint that was ultimately filed with this Court. See Declaration of Richard B. Cooper in Opposition to Plaintiff's Motion to Strike the Charging Lien (DE# 52 at Exhibit A, 11/21/08).

Having determined that supplemental jurisdiction exists in the instant case, the Court must determine whether to exercise its discretion to decline the assertion of supplemental jurisdiction. Pursuant to subsection 1367(c), the Court may decline to exercise supplemental jurisdiction over a claim under subsection 1367(a) if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (c). A district court deciding whether to retain jurisdiction pursuant to the factors set forth in subsection 1367(c) "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997) (quotations omitted).

The first factor and fourth factor support retaining jurisdiction. The charging lien does not raise a novel or complex issue of state law. See Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir.1999) (noting that the absence of difficult state law questions can weigh heavily in favor of retaining jurisdiction). The fourth factor allows the Court to decline to exercise supplemental jurisdiction, "in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction. The Court does not find any compelling reasons for declining supplemental jurisdiction here.

The second factor, whether the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, and the third factor, whether the district court has dismissed all claims over which it has original jurisdiction, weigh in favor of declining jurisdiction because the matters over which the Court had original jurisdiction have already been dismissed. See Order (DE# 49, 11/14/08). These two factors, however, are not dispositive, and here they are counterbalanced by other concerns. See Smith v. Amedisys Inc., 298 F. 3d 434, 447 (5th Cir. 2002) (affirming the decision to retain supplemental jurisdiction, despite the dismissal of all federal claims).

In the instant case, the Court specifically retained jurisdiction in this matter "for the limited purpose of enforcing, if necessary, the terms of this Court's Amended Order, dated November 10, 2008." Id.  The Amended Order (DE# 47) states in paragraph C as follows:

> David and Joseph, P.L. shall hold $125,000 of the settlement funds in trust until such time as (i) this Court adjudicates Plaintiff's Motion to Strike or, Alternatively, to Approve the Settlement Agreement between the Plaintiff and the Defendant and to Adjudicate the Charging Lien and enters an order directing how the funds in trust will be dispersed. (Dkt.

9

Case 1:07-cv-22815-PAS   Document 63   Entered on FLSD Docket 03/18/2009   Page 10 of 12

> 39); or (ii) this Court adjudicates the Charging Lien and enters an order
> directing how those funds will be dispersed, or (iii) Plaintiff and the Cooper
> Brown Firm execute a signed agreement resolving the Charging Lien and
> directing how those funds will be dispersed. The balance of the settlement
> proceeds shall be paid according to the terms of the agreement between
> Plaintiff and David and Joseph, P.L.

Amended Order (DE# 47, 11/10/08). Thus, the fact that the underlying claims have

been dismissed should not be controlling. Moreover, it is economically prudent and time

efficient to hear the fee dispute in this suit. Based on the foregoing analysis the Court

will, in its discretion, exercise supplemental jurisdiction over the charging lien.

**2.    Merits**

Having determined that the Court has jurisdiction, the undersigned will now

address the merits of the claimants' charging lien. The plaintiff argues that the

claimants are not entitled to a charging lien because their services did not contribute to

the settlement of the instant action. See Plaintiff's Motion to Strike or, Alternatively to

Approve Settlement Agreement and Adjudication of Charging Lien (DE# 39, 10/30/08).

"The [claimants] cannot establish that the claimed fees were contingent on the results

of this case." Id. at 6. The claimants respond that "it is not necessary that the services

be the sole cause of the judgment or settlement; it is sufficient if the services merely

contributed to procuring a judgment or settlement. See Memorandum of the Cooper

Brown Firm in Opposition to Plaintiff's Motion to Strike Its Charging Lien (DE# 51 at 5,

11/21/08) (emphasis in original).

The Court finds that the claimants are not entitled to a charging lien in the instant

action and as such, the charging lien must be stricken. "It is not enough to support the

imposition of a charging lien that an attorney has provided his services; the services

must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services." <u>Correa v. Christensen</u>, 780 So. 2d 220, 220 (Fla. 5th DCA 2001) (citing <u>Sinclair, Louis, Siegel, Heath, Nussbaum, & Zavertnik, P.A. v. Baucom</u>, 428 So. 2d 1383 (Fla.1983)).

The claimants have not met their burden of showing that their legal services produced or contributed to the settlement of the instant action. The claimants drafted a complaint, a version of this complaint was filed and later amended by counsel of record. The claimants also provided some legal advice to the plaintiff. The claimants did not participate in settlement negotiations with the defendant that resulted in the settlement of the instant action. The claimants did not strategize with or otherwise provide litigation support to counsel of record in their prosecution of the instant litigation. In fact, the claimants learned of the plaintiff's counsel of record when counsel of record requested some documents in preparation for the mediation in June 2008. <u>See</u> December 10, 2009 Hearing Transcript (DE# 62 at 18, 1/16/09). The claimants offered to provide counsel of record with their analyses of the strengths and weaknesses of the case but counsel of record declined. <u>Id.</u> at 19. Counsel of record negotiated with the defendant without the claimants' assistance and obtained a settlement in favor of the plaintiff. It cannot be said that the claimants' work contributed or produced the resulting settlement funds.

<u>**CONCLUSION**</u>

Based on the foregoing, the Court has jurisdiction over the instant matter. The Court finds that the claimants are not entitled to a charging lien because their work did

not result in or contribute to the settlement. Accordingly, the Plaintiff's Motion to Strike, Or, Alternatively, to Approve Settlement Agreement and Adjudicate Charging Lien (DE# 39, 10/30/08) is **GRANTED** and the charging lien (DE# 30) is hereby **STRICKEN**. The Court's ruling does not preclude the claimants from filing a state law claim for breach of contract in the appropriate forum.

      DONE AND ORDERED, in Chambers, at Miami, Florida, this **18th** day of March, 2009.

                                        _____

                                        JOHN J. O'SULLIVAN
                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States District Judge Seitz
All Counsel of Record

Copies mailed by Chambers to:

Richard B. Cooper, Esq.
Cooper, Brown & Behrle, P.C.
331 Madison Avenue
New York, NY 10017